**LUNSFORD v. UNITED STATES.**

No. 4491.

United States Court of Appeals
Tenth Circuit.

Oct. 30, 1952.

238

A. W. Trice, Ada, Okl. (Busby, Harrell & Trice, Ada, Okl., on the brief), for appellant.

Edwin Langley, U. S. Atty., Muskogee, Okl. (Paul Gotcher, Asst. U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

An indictment containing three counts was returned against appellant, Gail Lunsford, in the United States District Court for the Eastern District of Oklahoma. Counts One and Two charged that on July 27, 1951, he made two separate offers of a bribe of $50 to Bernard R. Holmes, Deputy Collector of Internal Revenue. Count Three charged that on August 8, 1951, he paid Holmes a bribe of $100 to induce him to violate his official oath with respect to an audit of defendant's income tax return. A jury trial resulted in a verdict of not guilty on Counts One and Two and of guilty on Count Three.

■ Appellant contends that the acquittal on the counts charging the offering of a bribe conclusively established that issue of fact for all purposes of the trial. From this it is argued that since it is essential that an offer to pay a bribe must first be established to sustain the conviction of paying a bribe, the jury's acquittal of charges of offering to pay a bribe precludes the finding that a bribe was paid. Assuming without deciding that this is correct, it does not apply to the facts of this case. Counts One and Two related to an alleged transaction on July 27, while Count Three charged giving a bribe on August 8. Here not only is there a difference in time but also a difference in the essential elements of the offenses charged. The jury may well have concluded that the evidence did not support the charge that appellant offered to bribe the officer on July 27, but evidently did conclude that on August 8 thereafter he did bribe the officer. It is, therefore, obvious that the acquittal on the first and second counts is not a bar to a prosecution of the offense charged in Count Three.

■ Appellant further contends the evidence is insufficient to sustain the verdict on Count Three. There was a sharp conflict in the evidence offered by the Government and that given by Lunsford. Since our review is limited to a determination whether there is substantial evidence supporting the verdict, we review only that evidence and the inferences reasonably to

be drawn therefrom, which tend to support the verdict.[1]

Mr. Holmes, the Collector, testified that he had an appointment with appellant on July 27, 1951, to review his income tax records; that after working on them for some time he stated that it appeared there was a shortage of approximately $7,000 to $8,000; that appellant remarked that since collectors only make "spinach" he would give him $50 to "make it as easy as possible on me." Holmes further testified that later in the day appellant again insisted that he take $50, assuring him that he could be trusted; that no one would be the wiser and that the two had better feather their nest while the time was right. Holmes testified that he refused the offer and secretly notified his superior. He was advised to make another appointment with appellant. This he arranged for August 8. At that time the officers had wired the room where the meeting was to be held with a wire recorder, so the conversation could be recorded. There was also a Treasury Department agent sitting in front of the open door leading to the room where the interview was to be held. The results of the recording were poor and admittedly the recording had little probative value. So also the Treasury Department agent could hear too indistinctly to give evidence of much value.

■ Holmes testified that at the meeting on August 8 appellant again offered him $50 as a bribe, to which he replied that that was a small amount "to be sticking my neck out for" but that for $100 he would close out Lunsford's account; that Lunsford agreed and left the office to secure the sum in cash; that upon his return he paid Holmes the $100 cash, at which time the Collector gave him a properly signed form indicating that no additional tax was due. The testimony by Holmes, if believed, as it no doubt was, clearly established that the $100 was paid as a bribe and not as a settlement of any tax liability due from appellant.

Appellant raised the defense of illegal entrapment in the trial court, as he does here. He contends that since the jury found he was not guilty of offering a bribe on July 27 the Government officials had no lawful basis for entrapping him on August 8.

■■ To lawfully entrap one, it is not necessary to know that the suspect is violating the law or that there exists in his mind the intent so to do. It is only necessary to have reasonable grounds to believe that he is engaged in unlawful activities or intends to engage therein. In other words, officers may not initiate the intent and purpose to violate the law.[2] Under the authorities in Footnote 2, it was not necessary to prove that appellant had the actual intent to bribe the collector in order to legally entrap him. It was enough if the officer had reasonable grounds to believe that he intended to do this. From the facts as outlined above, if believed, as they no doubt were by the jury, the officers certainly had reasonable grounds to believe that Lunsford was endeavoring to give a bribe and were thus justified in laying a trap to catch him in the act of giving a bribe.

■ It is further urged as a ground for reversal that the trial court erred in its instruction relating to entrapment and that a statement by the court to the jury, after their retirement, on that issue was prejudicial. We think the court's instruction with respect to entrapment was proper and adequately advised the jury with respect to that issue. If subject to criticism, it is that it is too detailed and somewhat repetitious. The court instructed the jury that when the defense of unlawful entrapment was presented the Government had the burden of proving beyond a reasonable doubt that there was not "an illegal entrapment." On the question of what constituted illegal entrapment, the court told the jury that "the United States may not initiate crimin-

1. Galatas v. United States, 8 Cir., 80 F.2d 15; Marx v. United States, 8 Cir., 86 F.2d 245; Walker v. United States, 8 Cir., 93 F.2d 383; Carlson v. United States, 10 Cir., 187 F.2d 366.

2. Heath v. United States, 10 Cir., 169 F.2d 1007; Mitchell v. United States, 10 Cir., 143 F.2d 953; Ryles v. United States, 10 Cir., 183 F.2d 944.

al acts, nor entice or induce defendant to commit a crime in order that they may thereafter prosecute them." "In other words the government can't go out to an innocent party and get him to commit a crime in order that he may prosecute him." It further told the jury that if the idea of a bribe originated with a Government collector the subsequent entrapment would be unlawful but "On the other hand, if the defendant, without suggestion from the government agent, voluntarily proposed the payment of money to influence his action, the agent of the government's action, could thereafter lawfully arrange a plan or a trap, * * *." These statements declare the law in plain, understandable language.

Appellant took exception to a remark made by the trial court to an inquiry by a juror after the case had been submitted to the jury. The reporter did not get the juror's question but the court's answer indicates that it related to the question of entrapment. In response to the question the court said: "It depends on whether he paid it with the intent to *invluence* the agent. And on the third count you must determine entrapment I think on the third count before at least you could find the defendant guilty. Now you could find the defendant not guilty without determining entrapment. I told you that this morning." It is urged that the court's remark in the charge that if Lunsford paid the money with the intent to influence Holmes "the question of entrapment wouldn't be in it" and the above answers to the juror's question were prejudicially erroneous. It is contended that entrapment when raised remains in the case and that the jury, therefore, might be misled that under stated conditions entrapment "wouldn't be in it."

The instructions must be considered as a whole and particular statements must be considered in their proper setting. It is not proper to lift them out of context and consider them separately. What the court told the jury was that if they believed that Lunsford initiated an intent to pay the money to influence the collector then there could be no question of unlawful entrapment. As already pointed out, the court went to great length to instruct the jury as to the elements of the offenses charged and under what conditions the officers could lawfully entrap appellant. These two remarks to which objection is made must be considered as a part of the whole charge and, when so considered, are not erroneous. A careful consideration of the entire record leads to the conclusion that no prejudicial error occurred.

Affirmed.