Henry BUSH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 4980.

United States Court of Appeals,
Tenth Circuit.

Dec. 24, 1954.

Charles D. Montfort, Denver, Colo.,
for appellant.

James A. Borland, Asst. U. S. Atty.
(Paul F. Larrazolo, U. S. Atty., Albu-
querque, N. M., was with him on the
brief), for appellee.

Before BRATTON, MURRAH, and
PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Henry Bush, herein referred to as defendant, was indicted, convicted and sentenced for violation of 26 U.S.C.A. § 3253, which prohibits the carrying on of the business of a retail liquor dealer without paying the special tax required by 26 U.S.C.A. § 3250. The first count of the indictment charges that on the 27th day of September, 1953, at Roswell, New Mexico, the defendant "did sell two one-half pints of whiskey to Lamar V. Whitworth, and at the time of said sale defendant had wilfully failed to pay the special tax as required by law to be paid by a person carrying on the business of a retail liquor dealer." The second count was drawn in the same manner except that it charged the sale of one-half pint of whiskey to Whitworth on the 18th day of October, 1953. At the close of the government's case, the defendant moved for judgment of acquittal upon the grounds that the evidence was insufficient to support a conviction, and that the evidence showed that the defendant had been illegally entrapped into the sale of the liquor. The defendant also moved to dismiss the indictment upon the ground that it failed to state an offense. These motions were denied.

 Under the statute, the gist of the offense is carrying on the business of a retail liquor dealer as defined by the statute without paying the tax, and not the sale of the liquor itself.[1] Heath v. United States, 10 Cir., 169 F.2d 1007. The indictment does not in so many words allege that Bush was carrying on the business of a retail liquor dealer. We think it is a better practice to allege the offense in the language of the statute, but it appears to be quite plain that this indictment is sufficient to charge that the defendant was carrying on the business of a retail liquor dealer. While an isolated sale, without more, would not constitute doing business, still, proof of one sale may be sufficient to sustain a conviction if the facts and circumstances are such that it may be inferred that the sale was made by one who was carrying on the business of a retail liquor dealer. Powell v. United States, 10 Cir., 206 F. 2d 330; Heath v. United States, supra. The two counts of the indictment alleged that the different sales were made by the defendant without payment of the special tax required to be paid by a person carrying on the business of a retail liquor dealer. It is manifest that the prosecution would rely on the alleged sales to prove that the defendant was carrying on the business of a retail liquor dealer. If the single sales were made under circumstances indicating that the defendant was in the business of making such sales, then the indictment alleged the essential elements necessary to constitute the offense, and the defendant could not possibly have been misled or prejudiced. If the evidence disclosed that the transactions were merely isolated sales, the conviction could not stand. We think the evidence was sufficient to go to the jury on this question.

Whitworth was a Treasury Agent and was investigating liquor violations in Roswell, New Mexico. On Sunday, September 27, 1953, he observed the defendant entering into some kind of transactions in front of a small restaurant. He saw exchanges made between the defendant and five or six different persons within a period of forty-five minutes. The defendant delivered something to each of these persons from beneath his shirt. The agent then walked over to a point near the defendant, who approached him, and the agent stated that he desired to buy a pint of whiskey. The defendant asked the agent to follow him into a recessed door of a building,[2]

---

1. 26 U.S.C.A. § 3254 defines a retail liquor dealer as "every person who sells, or offers for sale, foreign or domestic distilled spirits, wines, or malt liquors in less quantities than five wine-gallons to the same person at the same time * * *."

2. The agent's testimony as to the first transaction with the defendant was as follows:
 "Q. What did you observe Henry Bush doing, during the time you watched him? A. Well, he was walking around in front

where he took from underneath his shirt, two half-pints of Calvert Whiskey, which were sealed with a government strip stamp, and delivered them to the agent. The price was Five Dollars. On Sunday, October 18th, the agent returned to Roswell and observed the defendant engaged in the same activities as upon the former visit. At this time, he was sold another one-half pint of Sunnybrook Whiskey, which was sealed with the government strip stamp. On each occasion the sales were made to the agent without any questions or hesitancy by the defendant who appeared ready and willing to sell to anyone. There were ample facts and circumstances surrounding these two sales, which, if believed by the jury, warranted the finding that the defendant was engaged in the business of a retail liquor dealer. Powell v. United States, supra; Heath v. United States, supra; Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162.

██ It is urged that the prosecution did not prove the contents of the bottles to be whiskey. There is no merit to this contention. The bottles were sold as whiskey; they were labeled as containing whiskey; they were sealed with the United States strip stamps; and the contents were the color of and smelled like whiskey. Each of the bottles was opened and the jury was given an opportunity to observe and smell the contents. This was sufficient. Patterson v. United States, 10 Cir., 62 F.2d 968.

██ The defendant contends that the manner in which the whiskey was purchased by the agent injected the defense of entrapment into the case. The trial court accepted this view and instructed the jury on the defense of entrapment. It is extremely doubtful if the action of the agent was sufficient to raise the issue of entrapment. He did nothing to initiate an intent and purpose of the defendant to violate the law further than to ask if he could buy some whiskey. The defendant was not only in a position to make the sale immediately, but appeared to have the intent and purpose to do so. He had the liquor with him, and apparently was selling it to any one who came along. To constitute entrapment, the officer must be the one who initiates the intent and purpose of a person to violate the law. Lunsford

of the cafe, and there was a bench out there. He would sit on that, at times, and I saw people go up to him, and a few times I saw some pass something to each other. I couldn't tell what it was.

"Q. How many people did you see go up to him? A. Five or six. During the period that I watched him.

"Q. And what did they do, when they would go up to him? A. Well, I would see, they would talk, and sometimes, then, Bush would go into the building there. I could see something pass, get maybe between—walk up along side of a car that was parked there, for all that time, and I could see something pass. I couldn't tell what it was. He would hand something to them, from under his shirt.

"Q. How many times did you see him hand something to one of these persons? A. Five or six times.

"Q. What did you do, then? A. I went over, walked up to—close to where he was, and he was sitting on the bench, and when I got up close to him, he got up and came over to me. I stopped along side a car, there, and told him I wanted a pint of whiskey. He looked around,

and said 'Well, foller me', so I walked along right behind him, to around in front, there was a building with a recessed door, back in several feet. He walked back into this place, kind of looked around. He had a shirt on, with his shirttail hanging out, sport shirt. He raised it up, and there was two half pints of whiskey, sticking down in his belt.

\* \* \* \* \*

"Q. Proceed. Now, what happened, now? A. He took these two half pints of whiskey from out of his belt, handed them to me, half pints, and he said 'Stick them in your shirt, hide them in your shirt', so I stuck them down inside of my shirt, asked him how much it was, he said '$5.00'. I gave him $5.00 and left.

"Q. What did he say to you, when you made this transaction? A. While we were in the building, after he took the whiskey from under his shirt, which was stuck down in his belt, he handed to me and said 'Hide it good in your shirt, under your shirt'.

"Q. And did he—and he gave you two bottles, is that it? A. Two half pints of Calvert Whiskey."

v. United States, 10 Cir., 200 F.2d 237; Ryles v. United States, 10 Cir., 183 F.2d 944, certiorari denied 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 637. In addition, the defendant denied that he made the sales and did not rely upon the defense of entrapment. It would appear, however, that if the conduct of the agent was sufficient to raise the issue of entrapment, it was for the jury to determine if the agent had reasonable cause to believe that the intent and purpose to violate the law existed in the mind of the accused at the time the purchases were made. While the law will not permit decoys to be used for the purpose of luring or inducing innocent or law-abiding citizens into the commission of a crime, still officers may offer an opportunity to one who is intending or willing to commit a crime. Ryles v. United States, supra. These questions were submitted to the jury under proper instructions which found against the defendant.

Judgment affirmed.