David SANDOVAL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6437.

United States Court of Appeals
Tenth Circuit.

Nov. 15, 1960.

Robert L. McDougal, Denver, Colo., for appellant.

James A. Borland, U. S. Atty., Albuquerque, N. M., for appellee.

Before MURRAH, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Sandoval was convicted on a two-count indictment charging him with receiving and concealing narcotics, in violation of 21 U.S.C.A. § 174, and the sale thereof, in violation of 26 U.S.C.A. § 4705(a). This appeal raises questions as to the admissibility of the narcotics into evidence, the sufficiency of the evidence to sustain the conviction, and the availability of the defense of entrapment.

The evidence of the prosecution shows that on September 1, 1959, Federal Nar-

cotics Agent Parks, Baca and Perea, detectives of the Albuquerque Police Department, and Chavez,[1] a special employee of the United States, met in what was described as the "sand hills" in the eastern part of Albuquerque. Chavez was thoroughly searched, and it was determined that he had no narcotics or paper money on his person. The automobile, which was intended for the use of Chavez, was also searched, and no narcotics were found therein. Federal Agent Parks furnished $35 to Chavez in paper money for the purpose of purchasing narcotics from Sandoval. Detective Perea then concealed himself in the trunk of the automobile, and Chavez was instructed to drive it to the residence of Sandoval's sister. Parks and Baca followed closely in another automobile, and, when Chavez turned into the driveway at the sister's address, they parked across the street where they could observe what took place in the automobile and in the vicinity of the house. Chavez stopped the automobile in the driveway, and sounded the horn. Sandoval came out of the house, approached the automobile, recognized Chavez, and entered the passenger's side of the car. Chavez asked Sandoval if he had any heroin, and he replied that he had only "five caps." Chavez told him he wanted seven caps. Then Sandoval advised him that he had eight caps. They were in a small box. This conversation was overheard by Perea from his position in the car trunk.[2] Sandoval then got out of the automobile, and as he re-entered the house he was observed putting something in his pocket. The two cars returned to the site of the previous meeting, and Chavez handed Parks a match box, inside of which were seven paper packets, all of them containing what was later analyzed and found to be heroin. All present initialed the packets, and they identified them when the packets were introduced in evidence. Chavez was again searched, as was the automobile which he had driven. No narcotics were found; and the $35 which had been furnished to Chavez was gone.

■ It is contended that the heroin packets should have been excluded from evidence. When they were offered, no objection was made. The failure to make timely objection to the admission of evidence constitutes a waiver of the right to object, and ordinarily cures error, if there is any. Moreland v. United States, 10 Cir., 270 F.2d 887; Dunn v. United States, 10 Cir., 190 F.2d 496. There can be no doubt, however, that the exhibit was properly identified and was the heroin which Chavez testified he acquired from Sandoval.

■■ At the close of all of the evidence the defendant moved for an acquittal upon the ground that there was insufficient evidence to establish his guilt beyond a reasonable doubt. It is asserted here that the verdict is not supported by substantial evidence, and that the motion should have been sustained. In determining the question of the sufficiency of the evidence, and the inferences to be drawn therefrom, it must be viewed in the light most favorable to the prosecution. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Corbin v. United States, 10 Cir., 253 F.2d 646; Evans v. United States, 10 Cir., 240 F.2d 695; Seefeldt v. United States, 10 Cir., 183 F.2d 713. It is a

---

1. Chavez was a narcotics addict whom the agents used as a decoy to make purchases of narcotics.

2. Perea testified as follows:
"Q. Then what happened? A. And somebody said, 'Hi, Billy. How are you?' I heard the special employee then say, 'Fine. How are you, David?' At that time I heard the door on the automobile on the passenger's side open and it sounded like somebody got in the car and heard the door close again. Then I heard the special employee say, 'Do you have any heroin, David?' This other person said, 'Yes, I have five caps—no, I have six—seven,—eight.' The special employee then said, 'Well let me have seven. I want to buy seven.' And I then heard the other person said, [sic] 'Okay, here's the seven.' Then I heard the other party said, [sic] 'That's all I have, but I'll have some more in the morning.' He got off the car at that time."

fundamental principle that it is not within the province or the function of appellate courts, after a verdict of guilty in criminal cases, to weigh the evidence or to test the credibility of witnesses. Glasser v. United States, supra; Travis v. United States, 10 Cir., 269 F.2d 928, certiorari granted 363 U.S. 801, 80 S. Ct. 1235, 4 L.Ed.2d 1146. The scope of review is limited to a determination of whether there is substantial evidence which, when viewed in the light most favorable to the prosecution, is sufficient to support the verdict. Evans v. United States, supra.

█ It would serve no useful purpose to discuss the evidence of the prosecution further than has already been done. It suffices to say that the evidence is overwhelming that Sandoval had the heroin in his possession and on his person when he came to the automobile occupied by Chavez,[3] and that he sold the same to Chavez for $35, and that the packets containing the heroin were the ones introduced in evidence. See Harbold v. United States, 10 Cir., 255 F.2d 202.

█ Finally, it is contended that the agents of the United States entrapped Sandoval into making the sale, and that the conviction should be reversed for this reason. Sandoval's defense was that of alibi, and he offered evidence that he was in Denver, Colorado at the time the sale was made. Entrapment was not considered during the trial of the case, and is first mentioned on appeal. While it would appear that the trial court did not err in failing to submit the issue of entrapment to the jury on its own motion, we are convinced that the evidence does not show an issue of entrapment. It is well settled that while the law will not permit decoys to be used for the purpose of luring or inducing innocent or law-abiding citizens into the commission of a crime, still officers may offer an opportunity to one who is intending or willing to commit a crime. Bush v. United States, 10 Cir., 218 F.2d 223; Ryles v. United States, 10 Cir., 183 F.2d 944, certiorari denied 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 637. It is quite clear that Sandoval was not entrapped into making the sale to Chavez. The evidence is without conflict that he approached the car driven by Chavez and, when he recognized him, entered the automobile with the narcotics in his possession. He had known Chavez for a long time, and he made the sale without asking any questions, immediately after Chavez asked him if he had any heroin. He was ready, willing and able to make the sale when he entered the automobile.

Affirmed.

---

3. Under the statute, unexplained possession of narcotics "shall be deemed sufficient evidence to authorize conviction" of receiving and concealing narcotics. 21 U.S.C.A. § 174; Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L Ed.2d 597.