**Ernest MARTINEZ, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 6881.

United States Court of Appeals
Tenth Circuit.

Jan. 27, 1962.

———◆———

Bruce Johnson, Denver, Colo., for appellant.

Merle R. Knous, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., with him on the brief), for appellee.

Before PICKETT, LEWIS, and HILL, Circuit Judges.

PICKETT, Circuit Judge.

The defendant, Martinez, was convicted on both counts of an indictment which charged that he made sales of marihuana on two separate dates in violation of 26 U.S.C. § 4742(a). Martinez admits the sales, but contends that he was entrapped into making them by an agent of the United States Treasury Department.

The evidence is not in dispute except as to when the agent and Martinez first met. The agent testified that he first met Martinez during the afternoon of September 18, 1960 when he and a third party, named Prather, went to Max's Tavern in Denver, Colorado, where Prather introduced him to Martinez. Immediately after the introduction Martinez and Prather went into a toilet at the tavern, and upon their return shortly afterward, Prather said, "Larry, let's go. Everything is all set." The three left the tavern and entered the agent's automobile, and, at the request of Martinez, the car was driven around the block. Martinez produced a cellophane bag containing marihuana, and removed therefrom a small portion which he gave to Prather. The agent then stopped the car, and Martinez sold him the remainder of the marihuana for $25.00, stating, "[I]t's good stuff. It's real clean marihuana." After the purchase Martinez was taken back to the tavern. Although it is apparent that the agent and Prather went to Max's Tavern to purchase marihuana, there is no evidence that there was any intention to buy it from Martinez in particular. The only circumstance of trickery or artifice to deceive on the part of the agent was his failure to tell Martinez that he was a government agent.

The agent saw Martinez again the next day, at which time they visited and discussed their careers as prize fighters.[1] On the 20th day of September, 1960, late in the afternoon, Martinez and the agent again met at Max's Tavern, and

1. The record indicates that the agent and Martinez were ex-professional pugilists.

Martinez was asked if another purchase of marihuana could be made. He answered that it could, and immediately went to a telephone booth located in the tavern. Within a few minutes he returned and requested the agent to drive him to a nearby parking lot where he left the automobile after directing the agent to return to the tavern and wait for him. Shortly thereafter Martinez returned and told the agent to come to the car, "that everything was ready." The two entered the automobile, and a tobacco can of marihuana was taken from under the seat cushion by the defendant and delivered to the agent who paid him $25.00. They then separated. The agent testified that the two visited on other occasions thereafter, and became quite friendly.

Martinez does not deny that the transactions occurred as described by the agent. He admitted that prior to the meeting at Max's Tavern on the 18th he had a conversation with Prather relating to the agent, and that Prather was present when the sale was made. His testimony was to the effect that he had no criminal record; was not a dealer in marihuana or any narcotics and never had been; that he had several visits with the agent prior to the sale on September 18th at which times he had refused to assist in the purchase of marihuana, and that the two purchases were made only as a favor to the agent with whom he had become friendly. His testimony concerning their relationship and the agent's requests prior to the first sale presents the conflict in the evidence referred to above.

The sufficiency of the evidence was not challenged by motion, and no exception was taken to the court's instruction on the law of entrapment. In this respect it should be noted that at the trial Martinez was represented by experienced counsel of his own choosing. The defendant does not complain of the court's instruction on the law of entrapment except for its failure to advise the jury that the burden was upon the prosecution to prove that the defendant was not

entrapped into committing an offense, which, in the absence of such entrapment, would not have been committed. It is argued that the exclusive method available to the government to satisfy this requirement is to show affirmatively a predisposition on the part of the accused to commit such an offense, and it is urged that the failure to instruct on these matters constitutes such plain error affecting substantial rights of the accused that it should be considered without any objection having been made as permitted by Fed.R.Crim.P. 52(b), 18 U.S.C. We are satisfied that this is not that kind of a case.

■ The evidence was sufficient to authorize the submission of the issue of entrapment to the jury. Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859. From evidence which is not disputed, however, the inference is inescapable that the defendant was not only ready and willing to make the sales, but was prepared to do so. When the sale was made on September 18th he had the marihuana in his possession when the agent arrived. The second sale was made without hesitation after a single request. As said in Casey v. United States, 276 U.S. 413, 419, 48 S.Ct. 373, 374, 72 L.Ed. 632, the conduct of the agent was no "different from or worse than ordering a drink of a suspected bootlegger."

■■ The law does not permit representatives of the government to lure or induce innocent or law abiding citizens into the commission of crimes which they would not otherwise commit, but that rule does not prevent such representatives from offering an opportunity to anyone who is intending to or who is willing to commit a crime. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Sandoval v. United States, 10 Cir., 285 F.2d 605; Lunsford v. United States, 10 Cir., 200 F.2d 237; Ryles v. United States, 10 Cir., 183 F.2d 944, cert. denied 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 637. We think the case falls

squarely within the rule permitting government agents to afford an opportunity to commit a crime. See Archambault v. United States, 10 Cir., 224 F.2d 925; Bush v. United States, 10 Cir., 218 F.2d 223. Under the court's instructions, if the jury believed the testimony of the agent there was no entrapment. If the jury believed Martinez' testimony concerning the agent's conduct, and found that such conduct constituted entrapment as defined in the instruction, he was entitled to be acquitted. Consequently the case resolved itself into one of credibility of witnesses. There was no error in the instruction on entrapment which so affected the substantial rights of the defendant as to warrant consideration without an objection. Coffman v. United States, 10 Cir., 290 F.2d 212.

Affirmed.