Henry JAMES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7074.

United States Court of Appeals Tenth Circuit.

Oct. 12, 1962.

Laynie W. Harrod, Oklahoma City, Okl., for appellant.

Robert K. Ball, Oklahoma City, Okl. (B. Andrew Potter, Oklahoma City, Okl., on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PER CURIAM.

By this appeal appellant, James, asserts that his conviction pursuant to a jury-waived trial on each of two counts charging possession, removal and concealment of non-taxpaid liquor resulted from unlawful entrapment.

The operative facts reveal that an undercover agent of the Alcohol and Tobacco Tax Unit of the Internal Revenue Department contacted one Frank Oliver, an acquaintance of appellant, by telephone, and asked to purchase a quantity of non-taxpaid liquor. Oliver requested the agent to call back. When the agent called Oliver a short time later, he was advised that he could obtain the liquor and was told to come over and pick it up. The agent thereupon went to Oliver's place of business and arrested appellant when he arrived in his automobile, and made delivery of the illicit spirits. Subsequently in reply to the statement of one of the officers that the whisky smelled as if it had been "watered," appellant stated "I don't make it, I just sell it." On trial, appellant testified that he was not in the whisky business and agreed to obtain and supply the whisky only as an accommodation to Oliver after several requests.

The trial court found that the evidence showed "beyond any doubt" that appellant possessed the "facility and capacity" to violate the liquor laws, and in this case took advantage of the op-portunity to do so. This is of course the clearly established test for entrapment. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859; Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Martinez v. United States (10 C.A.), 300 F.2d 9; Sandoval v. United States (10 C.A.), 285 F.2d 605; Archambault v. United States (10 C.A.), 224 F.2d 925; Bush v. United States (10 C.A.), 218 F.2d 223; Lunsford v. United States (10 C.A.), 200 F.2d 237; Ryles v. United States (10 C.A.), 183 F.2d 944, cert. denied 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 637. Whether, therefore, the issue of entrapment was one of law or fact, the court appropriately resolved it, for we certainly cannot say as a matter of law that the appellant was entrapped. The federal agent had no contact whatsoever with the appellant prior to the commission of the offenses charged in the indictment.

The judgment is affirmed.