FILED
United States Court of Appeals
Tenth Circuit

August 21, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DELFINO RABADAN-RIVAS,

      Defendant-Appellant.

No. 09-4022
(D.C. No. 2:07-CR-00715-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

A Utah jury found Delfino Rabadan-Rivas guilty of distribution of a

controlled substance (methamphetamine), possession of unregistered short-barrel

shotguns, being an illegal alien in possession of a firearm, and unlawful sale of

citizenship papers. He was sentenced to serve 120 months in prison, followed by

60 months of supervised release. Now before us, Mr. Rabadan-Rivas's attorney

has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

us that he discerns no colorable basis for the appeal, and seeking leave to withdraw. After careful review and for reasons we describe below, we grant the attorney's motion to withdraw and dismiss this appeal.

This case begins not with Mr. Rabadan-Rivas, but rather with Mahbad Ghazan Fari who was arrested in Utah on drug charges. In exchange for the dismissal of those charges, Mr. Fari agreed to cooperate with FBI officials who were investigating Mr. Rabadan-Rivas and others for the sale of illegal drugs, stolen passports, and firearms. During the course of the investigation, Mr. Fari participated in "controlled buys" of methamphetamine, a stolen passport, and unregistered sawed-off shotguns. Mr. Fari was often accompanied by an undercover FBI agent, Agent Greg Rogers, who also participated in the "controlled buys." During these purchases, Mr. Fari wore a recording device. Additionally, each of the purchased items was recovered by the government and maintained as evidence. Based on the evidence it amassed in this way, the government eventually brought charges against Mr. Rabadan-Rivas, securing its convictions after a trial. Although the pre-sentence report calculated a recommended guidelines sentencing range of 135 to 168 months, the district court opted for a below-guidelines sentence of 120 months.

*Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal frivolous. 386 U.S. at 744. To invoke *Anders*, the lawyer must "submit a

brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may then submit his own arguments for the court's consideration. *Id.* We must then "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

Here, Mr. Rabadan-Rivas's lawyer asserts there are no colorable arguments for appeal, and his brief complies with the requirements of *Anders* by "referring to anything in the record that might arguably support the appeal." 386 U.S. at 744. First, he discusses the sufficiency of the evidence to support Mr. Rabadan-Rivas's conviction and, second, he discusses whether the district court imposed a reasonable sentence. In his response to his attorney's *Anders* brief, Mr. Rabadan-Rivas has also filed a submission with us, which is written in Spanish but which we have translated. In his papers, Mr. Rabadan-Rivas also challenges the sufficiency of the evidence against him.[1]

Under *Anders* "the court – not counsel – then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly

---

[1] Mr. Rabadan-Rivas also appears confused as to why he owes $3,650.00 ($600.00 assessment and $3050.00 restitution). Mr. Rabadan-Rivas, however, presents no arguments as to why the district court erred in ordering him to pay an assessment and restitution. Additionally, our independent review of the record reveals no error.

frivolous." 386 U.S. at 744. When reviewing the sufficiency of the evidence to support a jury verdict, however, we are "limited to a determination of whether there is substantial evidence which, when viewed in the light most favorable to the prosecution, is sufficient to support the verdict." *Sandoval v. United States*, 285 F.2d 605, 607 (10th Cir. 1960). Here, the testimony and evidence against Mr. Rabadan-Rivas is substantial. The evidence against him includes his voice on recordings in which he is busy negotiating the sale of the items; the items themselves; and the testimony of those involved in the investigation, specifically Mr. Fari and Agent Rogers who personally purchased the items from Mr. Rabadan-Rivas. Our examination of the record reveals that the evidence was more than sufficient to support the verdict, and thus that Mr. Rabadan-Rivas has no colorable claim on this score.

Our review also reveals no substantive or procedural errors that would cast doubt upon the reasonableness of the sentence. "Procedural reasonableness involves using the proper method to calculate the sentence. Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007) (internal citation omitted). In the course of sentencing Mr. Rabadan-Rivas, the district court considered the pre-sentence report, reviewed the applicable guidelines, and then ultimately sentenced Mr. Rabadan-Rivas below the level

recommended in the guidelines. Procedurally, the district court touched all the bases required to issue a valid sentence and substantively we cannot say that the result it reached, a below-guidelines sentence, was unreasonable from Mr. Rabadan-Rivas's perspective.

In light of all this, we agree with Mr. Rabadan-Rivas's attorney that there is no non-frivolous basis for this appeal, grant counsel's motion to withdraw, and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge