Ernest Hugh **PERRY**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16955.

United States Court of Appeals
Eighth Circuit.

Jan. 8, 1962.

Rehearing Denied Jan. 22, 1962.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant was convicted by a jury on February 8, 1960, of violating 18 U.S.C. § 2421, in having transported a female person from Houston, Texas, to Ft. Smith, Arkansas, for purposes of prostitution. He was sentenced to imprisonment for a term of two years.

On October 9, 1961, he filed a motion to "modify the sentence", apparently to have it reduced, which the trial court denied as not being made within the sixty-day period prescribed by Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A., and so not being capable of consideration.

On November 18, 1961, appellant filed a motion under 28 U.S.C.A. § 2255, to have his sentence vacated, which the court denied without a hearing. He was permitted to file notice of appeal without payment of fee, but was refused leave to proceed further on the appeal in forma pauperis on the ground that the appeal was without merit and so not taken in good faith. He challenges here the court's certificate that the appeal is with-

out merit, and seeks leave from us to prosecute the appeal in forma pauperis.

■ The principal ground asserted in his motion is that the woman involved in the transportation was his wife, and that she had been permitted to testify against him. He admitted that he had raised no objection at the trial to her testimony, but he sought to excuse this failure on his part by claiming that he mistakenly thought at the time that she was divorced from him. He does not dispute that she had been granted a decree of divorce by the courts of Arkansas, and that the decree was then, and still is, in effect. He wants the Federal court to examine and determine in his Section 2255 proceeding whether his wife had been a resident of the State of Arkansas as long as she had claimed in that proceeding so as to entitle the divorce court to exercise jurisdiction. There is nothing to suggest that the question was not open to being raised by him in the divorce proceeding. The Federal court would not in this situation, even if the question had been raised on his trial, have been required to give consideration to such a collateral attack upon the decree of the Arkansas courts.

■ Another contention urged is that his divorced wife had been permitted to engage in perjury against him when she testified that she had been supporting him for years with her prostitution, and that he did not engage in work during that time. He asserts that the fact is that she was not in such physical condition as to have been able to so support him, and that he is able to prove that he personally did some work, at least during part of that time. These were matters which, if true, necessarily were known to appellant at the time, and as to which he had the opportunity to make at least some attack on by means of cross-examination and otherwise. Besides, his sporadic jobs which he attempts to set out do not demonstrate such earnings on his part as to disprove the need or likelihood of the wife's engaging in the activity she claimed for purposes of family support. But in any event, there is nothing in the situation to suggest any basis for a charge that the prosecution had knowingly taken unfair advantage of appellant, nor is the matter one of such substance in relation to the evidence of the trial as to involve any possible question of due process violation.

There are other contentions urged, most of which are recited in the trial court's memorandum, which equally are without any basis to grant appellant a hearing on his motion.

The appeal will be permitted to be docketed without payment of fee for record purposes, but it will thereupon be dismissed as being frivolous.

Appeal dismissed.