**Ernest Hugh PERRY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1676.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

Oct. 19, 1962.

---

Ernest Hugh Perry, plaintiff, per se.
None, for defendant.

JOHN E. MILLER, Chief Judge.

On December 28, 1959, Ernest Hugh Perry appeared before the court in custody of the Marshal and was advised of the charges then pending against him and of his rights relative thereto. When asked if he desired the court to appoint counsel to represent him, he replied that he did, whereupon the court appointed Mr. J. Michael Shaw of Fort Smith, Arkansas, a competent and reputable member of the bar of the court to represent the defendant.

On December 30, 1959, the defendant and his attorney appeared in open court, and defendant was again fully advised of the nature of the charges and of his right to be prosecuted by indictment or to be prosecuted by information instead of indictment. Thereupon the defendant waived in writing prosecution by indictment and consented that the proceedings might be by information instead of indictment. An information was filed charging "That on or about October 13, 1959, in the Western District of Arkansas, Fort Smith Division, Ernest Hugh Perry, also known as Bob Perry and Ted Perry, did knowingly and with willful intent transport or cause to be transported in interstate commerce from Houston, Texas, to Fort Smith, Arkansas, a female person, namely Molly Margaret Marie Perry, for the purpose of prostitution, in violation of 18 U.S.C. 2421."

Upon the filing of the information, and being fully advised of the charges against him and the possible consequence of a plea of guilty or conviction, the defendant entered a plea of not guilty and the case was set for trial on January 13, 1960.

On January 12, 1960, the day prior to the trial date, the defendant and his attorney appeared in court, and the court was advised by the defendant and his attorney that he desired to withdraw a plea of not guilty and enter a plea of guilty, but the court refused to accept the plea of guilty because of the manner in which it was stated or entered by the defendant.

On the next day, January 13, 1960, the date that the case had been set for trial, the defendant, through his attorney, filed a petition to "quash the present panel of petit jurors so far as the trial of this defendant before them is concerned." The petition was filed for the reason that on January 12, 1960, when the defendant undertook to withdraw his prior plea of not guilty and enter a plea of guilty, the entire jury panel was seated in the court room, and because of that fact the court granted the petition of defendant and quashed the jury panel insofar as the trial of the defendant was concerned, and at the same time reset the case for trial on February 8, 1960, to a new panel of jurors.

On the same date, January 13, 1960, the defendant, through his attorney, filed a petition under Rule 17(b), Federal Rules of Criminal Procedure, requesting that a subpoena be issued for certain witnesses named in the petition, and that said witnesses be required to attend and testify on behalf of the defendant and that the cost of such subpoena and witness fees be paid by the Government. Upon investigation and consideration of the petition, the court on January 14, 1960, entered an order denying the same, and by letter of said date addressed to the at-

torney for the defendant stated in full its reasons for denying said petition, which letter is a part of the file in Criminal Action No. 5599, United States of America v. Ernest Hugh Perry.

The case proceeded to trial to a jury on February 8, 1960, and the jury returned a verdict finding the defendant guilty as charged in the information.

On February 12, 1960, the defendant was duly committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of two years.

On September 25, 1962, the Clerk of the Court received a document designated "Motion to Vacate Judgment and Hold the Sentence Imposed in the Above-Styled Case Void, Pursuant to Title 28, Section 2255, United States Code." Upon being advised of the receipt of said motion, the court on the same date entered an order directing that the motion be filed without prepayment of costs, and directed the Clerk to docket the motion as a civil action, which was done, and the matter is now before the court in Civil Action No. 1676, Ernest Hugh Perry v. United States of America.

This is the fourth motion filed by the defendant. The first was filed October 9, 1961, to modify the sentence that had been imposed on February 12, 1960. In that motion the plaintiff alleged:

"Petitioner was denied due process of law. During the trial perjured testimony convicted the petitioner."

He alleged the jurisdiction of the court to be based upon Rule 35, Federal Rules of Civil Procedure, and 28 U.S.C. § 2255, as well as upon 28 U.S.C. § 1651(a).

The court considered the motion, and on the same day, October 9, 1961, filed an opinion in the form of a letter addressed to the defendant in which the facts were reviewed, and in accordance with said letter opinion an order was entered denying the motion.

On November 18, 1961, the defendant forwarded to the Clerk another motion to set aside and vacate the sentence. Up-

on receipt of the motion the court ordered it filed without prepayment of costs. After considering the motion, the court on the same date addressed a letter to the defendant advising him of the action of the court and the reasons therefor. A copy of the letter was filed with the Clerk of the court, and in accordance therewith an order was entered overruling and denying the motion.

On November 28, 1961, the defendant filed his notice of appeal to the "United States Court of Appeals for the Fifth Circuit, New Orleans, La.," together with an affidavit in support of his application for leave to proceed without the payment of costs. On the date the notice of appeal and application to proceed without payment of costs were received, the court entered an order treating the notice of appeal as a notice of appeal to the United States Court of Appeals for the Eighth Circuit, and directed that the notice be filed without payment of costs, and further certified, pursuant to Section 1915 of Title 28 U.S.C., that in its opinion, "based upon the proceedings heretofore had and the reasons set forth in its letter opinion filed herein on November 18, 1961, said appeal is not taken in good faith." On December 8, 1961, the defendant filed his motion to require the Government to furnish all trial transcripts, minutes of all hearings, and all documents without prepayment of costs, and upon the filing of said motion, the court entered an order reiterating that it remained of the opinion as expressed in the order of November 28, 1961, that the appeal was not taken in good faith, but it ordered "that a transcript of all proceedings in this cause, except a transcript of the testimony, be furnished to the defendant without prepayment of costs," which was done. The appeal was considered by the United States Court of Appeals for the Eighth Circuit on January 8, 1962, and the order appealed from was affirmed. Perry v. United States, 8 Cir., 297 F.2d 100.

On July 30, 1962, the defendant wrote another letter to the Judge of this court protesting his innocence, which letter was

delivered to the Clerk of the Court with instructions to file it without payment of costs. Whereupon the court proceeded to examine and consider the statements made in the letter, and on August 3, 1962, entered an order dismissing the petition (letter) for relief as being frivolous. On August 16, 1962, the defendant filed a notice of appeal. On the same date the court by order permitted the notice of appeal to be filed without payment of costs, but certified, pursuant to Section 1915 of Title 28 U.S.C., that in its opinion, "based upon the proceedings heretofore had and the reasons set forth in its letter opinions dated October 9, 1961, November 18, 1961, and August 3, 1962, said appeal is not taken in good faith." A certified copy of the notice of appeal and a certified copy of the relevant docket entries with copy of the order of August 16, 1962, were mailed to the Clerk of the Court of the United States Court of Appeals for the Eighth Circuit on August 16, 1962.

Before proceeding to further discuss the instant motion filed September 25, 1962, the court feels that it is justified in stating some facts pertaining to the prison record of the defendant and movant.

As heretofore stated, the defendant was sentenced to a term of two years on February 12, 1960. He was committed to the Federal Correctional Institution at Seagoville, Texas, on February 14, 1960. He escaped from the institution on August 24, 1960, and was not taken into custody as an escapee until February 23, 1961. Following his arrest as an escapee, he received a sentence of three years in the United States District Court for the Northern District of Texas, and on May 5, 1961, was committed under the latter sentence to the United States Penitentiary at Leavenworth, Kansas.

It will be noted that 182 days of the sentence imposed by this court were inoperative while he was an escapee. If he had not escaped from the Seagoville, Texas, institution, he would have been eligible for parole on October 28, 1961.

If he had served his full sentence imposed by this court, his sentence would have expired on February 11, 1962.

Upon his commitment to Leavenworth, the sentence from the Federal Court in Dallas, Texas, and the sentence imposed by this court were aggregated, and at present his release date from the two sentences is May 27, 1964.

On the date of his escape he had served 6 months and 12 days of the two-year sentence. Had he been returned to prison on the date he was taken into custody, February 23, 1961, from his escape, he would have had 1 year, 5 months, and 18 days to serve, which he would have completed on August 11, 1962.

It seems unnecessary for the court to abstract the letter opinions heretofore filed by the court in disposing of the three preceding motions as hereinbefore referred to. However, the Court of Appeals in 8 Cir., 297 F.2d 100 fairly summarized the allegations made by the movant herein in his motions of October 9, 1961, and November 18, 1961. Suffice it to say that his letter of July 30, 1962, which the court ordered filed and considered as a petition, adds nothing to the allegations theretofore made.

The allegations in the present motion may be summarized as follows:

(1) That movant will prove beyond any doubt that the sentence was imposed in violation of his constitutional rights, and that the court "was without jurisdiction or constitutional authority to even impose a sentence;"

(2) That the court has denied him justice in disposing of prior motions, and it is "movant's contention that this entitled motion shall not be construed as a successive motion; "

(3) That the court denied him the rights guaranteed by the Sixth Amendment to the Constitution of the United States in that an accused is entitled to a "speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, and have compulsory process for obtaining witnesses in his favor."

(4) That the court denied him due process of law and his rights guaranteed by the Eighth Amendment to the Constitution of the United States "since the court did not protect him against cruel and unusual punishment."

(5) That the Government failed to present a prima facie case. "That this trial fell below the very minimum standards required by law in America which resulted in the trial of your Movant being a farce, sham and a mockery of the very concepts of justice."

(6) That the Government's whole case was based upon "nothing but perjury, since the Government witnesses were allowed by the court to commit perjury in their testimony, your Movant did not stand a chance to obtain fair justice since the court would not allow Movant to produce witnesses in his own behalf in order to prove beyond a doubt that the Government witnesses did commit perjury."

"Movant states that the above mentioned methods are comparable only to Nazism and its form of sadistic measure under a police state of affairs."

(7) That a review of the complete record will show beyond a doubt that the proceedings held "spells not only a prejudice, or abuse of power, but they show downright malice on the part of the Government."

In his written argument submitted with and as a part of the petition, the movant does not argue separately any of the allegations above referred to, but argues generally that he is not guilty of the offense for which he was convicted.

Allegation (1) that the court was without jurisdiction or constitutional authority to impose a sentence is answered by 18 U.S.C. § 2421.

Allegation (2) to the effect that the instant motion shall not be construed as a successive motion is without merit, and expresses only an effort to escape the effect of the allegations contained in the three prior motions and the provision of 28 U.S.C. § 2255, relating to successive motions.

In allegation (3) he complains that the court denied him the rights guaranteed by the Sixth Amendment in that he was entitled to a speedy and public trial by an impartial jury, etc. An examination of the record discloses that he was given a speedy and public trial, and there is nothing to indicate that the jury that heard the testimony was not an impartial jury. He also complains in allegation 3 that he did not have compulsory process for obtaining witnesses in his favor. The petition that was filed by his attorney for the issuance of a subpoena at Government expense for certain persons as witnesses for defendant was disposed of by letter opinion of the court filed in Criminal Action No. 5599. A reading of the letter opinion in connection with Rule 17(b), Federal Rules of Criminal Procedure, is sufficient answer to his contention that he was denied process for witnesses.

■ Allegation (4) to the effect that the court did not protect the defendant against cruel and unusual punishment is without merit, as the sentence imposed upon the verdict of guilty was only for a period of two years when he could have been sentenced for a period of five years.

■ Allegation (5) to the effect that the trial was a farce is merely a conclusion of the defendant and is entirely without substance, as an examination of the record will disclose.

In support of allegation (6) to the effect that the Government's whole case was based upon nothing but perjury, the movant argues that the testimony of his wife, the person alleged to have been transported, was "prefixed by the State and Federal authorities," and that "the Government knows that she committed perjury," and that the Government cannot contend that certain law enforcement officers did not commit perjury. "Said perjury was committed on their behalf in order to get rid of your movant since said officers could not force movant's wife to work in a house of prostitution as long as your movant remained around."

The defendant and his attorney, who beyond a question is a competent attorney, heard all of the testimony and observed the conduct and demeanor of the witnesses produced by the Government while testifying. Yet the defendant did not testify or make any effort to contradict any of the testimony. He now seeks by fantastic allegations to charge in a general way everyone connected with the trial of being guilty of subornation of perjury and other high crimes and misdemeanors. Certainly the law does not permit a United States Attorney to use in the prosecution of a case testimony which he knows is untrue, but it is not sufficient to merely allege that perjured testimony was used without particularizing definitely the perjured testimony said to have been knowingly used by the prosecuting officials. Any other rule would result in great and prolonged injustice and subject all judgments of conviction to irresponsible and unfounded attacks by any dissatisfied prisoner.

In the case of Holt v. United States, (8 Cir. 1962) 303 F.2d 791, at page 794, the court said:

"As to the issue of perjured testimony, we observe at the outset that in order to vacate the judgment and sentence on such grounds, two elements must be established: first, the use of perjured testimony, and, second, knowledge by the prosecuting officials at the time the testimony was used that it was perjured. See Taylor v. United States, 8 Cir., 229 F.2d 826, at p. 832, cert. den. 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500, where we ruled:

" 'The latter element [knowledge by prosecuting officials] is a requisite because the fact that there may be false testimony does not alone and of itself vitiate a judgment. Ryles v. United States, 10 Cir., 198 F.2d 199, 200.'

See also Black v. United States, supra, 9 Cir., 269 F.2d 38, 43; United States v. Jenkins, 3 Cir., 281 F.2d 193; Enzor v. United States, 5 Cir., 296 F.2d 62, 262 F.2d 172,

cert. den. 359 U.S. 953, 79 S.Ct. 740, 3 L.Ed.2d 761. The burden of establishing the existence of the foregoing elements is upon the petitioner. Taylor v. United States, supra; Enzor v. United States, supra. Since neither the § 2255 motion nor appellant's briefs particularize definitely the perjured testimony said to have been knowingly used, we would be justified in refusing to consider this contention."

In Elliott v. United States, (8 Cir. 1959) 268 F.2d 135, at page 137, the court said:

"In Taylor v. United States, 8 Cir., 1956, 229 F.2d 826, 832, certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500, Judge Kimbrough Stone, speaking for this court, stated:

" 'Because the statutory proceeding is a collateral attack upon the judgment of conviction, the burden is on the petitioner to establish a basis for relief under some one or more of the grounds set forth in the section. At the threshold of his undertaking is the necessity of alleging facts which, if proven, would entitle him to relief. Such allegations must particularize definitely and be beyond mere conclusions.

" 'The basis of these amendments to this motion is the knowingly willful use of perjured testimony to secure this conviction. Such an issue requires two elements: (1) use of perjured testimony; and (2) knowledge by the prosecuting officials, at the time the testimony was used, that it was perjured. The latter element is a requisite because the fact that there may be false testimony does not alone and of itself vitiate a judgment. Ryles v. United States, 10 Cir., 198 F.2d 199, 200.' "

In support of allegation (7) to the effect that a review of the complete record will show beyond a doubt that the proceedings in this case "spells not only a

prejudice or abuse of power but they show downright malice on the part of the Government," the movant, beginning on page 4 of the motion and argument, urges the court "to take notice" of what he designates as a statement of facts. Then follows a statement appearing on pages 4, 5 and 6, but a reading of the statement discloses without a doubt that there is nothing contained therein which in anywise militates against the validity of the trial and conviction of the movant. In the statement he attempts to justify the action of himself and undertakes to trace the various journeys that he took with his wife, whom he admits he knew was engaged in prostitution. In other words, assuming that the statements made by the movant are true, still he is not entitled to relief under 28 U.S.C. § 2255. All the motions filed by the movant raise questions that were reviewable on appeal. He and his attorney were convinced that there was no error committed in the trial, and therefore no notice of appeal was given. He now argues that he should be brought before the court and permitted to establish proof of the allegations made by him, but in the opinion of the court nothing could be accomplished by transporting the defendant from the prison where he is now confined to Fort Smith for a hearing. See Dean v. United States, (8 Cir. 1959) 265 F.2d 544; Hickman v. United States, (8 Cir. 1957) 246 F.2d 178, cert. den. 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed. 2d 78.

This court would not deprive any person of the right to petition for a reexamination of the facts and applicable law as reflected by the record. Over a period of years it has endeavored to protect the rights of everyone, upon their appearance in court, charged with the commission of an offense, but when a record so well-known to the court, as is the record in the instant case, has been reviewed time and time again on the motion of the movant, it taxes the patience of the court to be required to continue indefinitely to review and reexamine substantially the same irresponsible allegations and contentions.

The court is convinced that the sentence in this case was not imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, and being of that opinion an order is being entered today overruling and denying the motion.