Ernest Hugh **PERRY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17272.

United States Court of Appeals
Eighth Circuit.

Feb. 15, 1963.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant seeks to appeal from the denial of a motion under 28 U.S.C.A. § 2255 to have a sentence vacated. The motion is the fourth attack engaged in by him against the sentence. An appeal from the denial of one of his previous motions was dismissed by us as frivolous

in Perry v. United States, 8 Cir., 297 F.2d 100.

The sentence was for a two-year term, imposed on February 12, 1960, by the District Court for the Western District of Arkansas, for violation of 18 U.S.C. § 2421 (Mann Act). No appeal was taken from the judgment of conviction. Appellant was committed to the Federal Correctional Institution at Seagoville, Texas, where he was confined until August 24, 1960, when he chose to make his escape. He was apprehended and returned to custody on February 23, 1961.

A charge of escape under 18 U.S.C. § 751 was filed against him in the District Court for the Northern District of Texas, upon which he was convicted, and on April 26, 1961, a three-year sentence was imposed on him, "to run consecutively to the sentence imposed in the U. S. District Court at Ft. Smith, Arkansas, on or about February 12, 1960". He has since been confined in the United States Penitentiary at Leavenworth, Kansas.

Manifestly, appellant is not now engaged in serving the sentence at which his motion under § 2255 is directed. At the time of his escape, he had been confined under that sentence for a little over six months. The maximum additional time for which he could be held on the sentence, therefore, was slightly less than 18 months. With return of him to custody having occurred on February 23, 1961, that period has, of course, gone by—as it also had at the time of the trial court's denial of the motion.

Thus, appellant's present confinement is on his sentence for escape. He may perhaps, while serving his previous sentence, have earned good-conduct credits or deductions under 18 U.S.C. § 4161, which, on the aggregation provided for in 18 U.S.C. §§ 4163 and 4164, will enable him to have the date of his release from the penitentiary accelerated. However that may be, it is the escape sentence which is the basis of his present restraint. Were it not for the service necessary to be made of that sentence, he would before this have been unconditionally out of federal custody.

In this situation, § 2255 is not available to make attack on his first sentence. A motion to vacate sentence under § 2255 can only be directed against a sentence on which a prisoner is in custody and as to which he is seeking to have the restraint lifted. Heflin v. United States, 358 U.S. 415, 418, 420, 70 S.Ct. 451, 453, 454, 3 L.Ed.2d 407.

On this basis, the appeal here is legally frivolous. For record purposes, it will be permitted to be docketed without prepayment of fee and then dismissed.

Appeal dismissed.