## RYLES v. UNITED STATES.

### No. 3711.

United States Court of Appeals
Tenth Circuit.

Dec. 29, 1948.

Rehearing Denied Jan. 27, 1949.
Judgment Vacated April 18, 1949.
See 69 S.Ct. 882.

Carloss Wadlington, of Ada, Okl. (Turner M. King, of Ada, Okl., on the brief) for appellant.

Paul Gotcher, Asst. U. S. Atty., of McAlester, Okl. (Cleon A. Summers, U. S. Atty., of Muskogee, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Appellant was indicted in the United States District Court for the Eastern District of Oklahoma on two counts charging illegal sales of narcotics in violation of 26 U.S.C.A. § 2554(a). Upon trial of the case and at the conclusion of the Government's evidence, the defendant moved for a directed verdict of acquittal on the ground of entrapment. The motion was denied, defendant offered no evidence, and the case was submitted to the jury. The court specifically instructed the jury that the question of entrapment was one of law for the court, and limited their deliberation on the defendant's guilt or innocence to alleged sales. Upon a verdict of guilty, a sentence of three years on each count, to run concurrently, was imposed, and the defendant has appealed.

The first ground urged on appeal is that the indictment failed to charge an offense under 26 U.S.C.A. § 2554(a). Each count of the indictment alleges that the sales of narcotics was not made in pursuance of a written order upon a form "prescribed and furnished by the Collector of Internal Revenue." The statute condemns all sales of narcotics, except those made in pursuance of a written order on a form "issued in blank for that purpose by the Secretary." While not disputing the power of the Collector of Internal Revenue to act for the Secretary of Treasury, in the issuance of the prescribed forms, the appellant contends that the use of the words "prescribed and furnished" in the allegations of the indictment are not the legal equivalent of the word "issued," used in the statute, and the indictment is therefore at fatal variance with the statute. The indictment stated the substance of the offense and sufficiently apprised the appellant of the nature of the charge against him to permit him to prepare his defense, and it is therefore not defective. See Hagner v. United States, 285 U.S. 427, 52 S. St. 417, 76 L.Ed. 861; Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Denny v. United States, 4 Cir., 151 F. 2d 828; United States v. Angelo, 3 Cir., 153 F.2d 247.

It is next contended that the Government's evidence conclusively establishes entrapment, and the trial court therefore erred in denying the motion for a directed verdict of acquittal. In the alternative appellant says that if entrapment is not conclusively shown, it then became a question of fact for the jury, and the trial court erred in instructing that it was a question of law for the court.

The Government's evidence established the following facts: In the early part of August 1947, a Federal Narcotic Agent arrived in Ada, Oklahoma, with an informer by the name of Darrell Brown, for the purpose of investigating narcotic sales. Brown contacted the appellant, whose name was on a list of suspects, furnished by the Government agent, and during a period of two or three weeks was with him "almost every day." On August 18, the Government agent searched Brown for narcotics, gave him $7.00, observed him meet the appellant and return with a purchase of opium. On August 20, under similar circumstances, Brown again contacted the appellant and made a purchase of morphine.

It is well settled that a Government agent may use "decoys" in apprehending law violators, and may offer an opportunity to one who is intending or willing to commit a crime. But, the law will not countenance decoys for the purpose of luring or inducing the innocent or law abiding into the commission of crime. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249; Butts v. United States, 8 Cir., 273 F. 35, 18 A.L.R. 143; Fiunkin v. United States, 9 Cir., 265 F. 1; Di Salvo v. United States, 8 Cir., 2 F.2d 222; Vamvas v. United States, 5 Cir., 13 F.2d 347; Polski v. United States, 8 Cir., 33 F.2d 686; Cratty v. United States, 82 U.S.App.D.C. 236, 163 F.2d 844.

We cannot say as a matter of law from the Government's evidence, that the Government agent enticed or induced the appellant to make the sales of narcotics for which he was convicted and sentenced. At most, it presented a question for the jury under proper instructions on the law of entrapment.

Appellant, represented by competent counsel, did not request any instructions on the law of entrapment. When the trial court failed to so instruct, he neither objected nor suggested any further instructions.

Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides for the timely filing of written requests for instructions to the jury, and further provides that "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

The rule is but a restatement of decisional law. Screws v. United States, 325 U.S. 91, 107, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330; Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704;

United States v. Atkinson, 297 U.S. 157, 159, 56 S.Ct. 391, 80 L.Ed. 555. The decisional rule was subject however, to the qualification that where the error amounted to a denial of fundamental rights the appellate court would notice it upon its own motion. Screws v. United States, supra; Johnson v. United States, supra; United States v. Atkinson, supra; Miller v. United States, 10 Cir., 120 F.2d 968. Although Rule 30 does not by its terms provide or recognize any exceptions, companion Rule 52(b) does recognize and restate the decisional exception by providing that "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." See Notes of Advisory Committee on Rules, following Rule 52. The two rules have been construed in pari materia as preserving the decisional rule. See Cave v. United States, 8 Cir., 159 F.2d 464, 469; United States v. Monroe, 2 Cir., 164 F.2d 471, 474; United States v. Perplies, 7 Cir., 165 F.2d 874. Without adverting to Rule 30, the Supreme Court has recently cited Rule 52(b) as authority for taking notice of "plain error" in the trial court's instructions, although not assigned or specified. See United Brotherhood of Carpenters and Joiners of America v. United States, 330 U.S. 395, 412, 67 S.Ct. 775, 91 L.Ed. 973. In our previous consideration of Rule 30 we failed to take into account the modifying effect of Rule 52b. See Berenbeim v. United States, 10 Cir., 164 F.2d 679; Bartlett v. United States, 10 Cir., 166 F.2d 920; Thayer v. United States, 10 Cir., 168 F.2d 247. But, see Madsen v. United States, 10 Cir., 165 F.2d 507.

■ Conceding Rule 30, with its qualification, and conceding that the Government's evidence is susceptible to an inference of entrapment justifying submission of that issue to the jury, we are yet unable to say in these circumstances that failure to do so was plain error, resulting in a miscarriage of justice.

■ Appellant's contention that the evidence is insufficient to support the jury's verdict is wholly without merit.

The judgment is affirmed.