## RYLES v. UNITED STATES.
### No. 4069.

United States Court of Appeals
Tenth Circuit.

Aug. 22, 1950.

Carloss Wadlington, Ada, Okl. (Turner M. King, Ada, Okl., on the brief), for appellant.

Paul Gotcher, Assistant United States Attorney, Muskogee, Okl. (Cleon A. Summers, United States Attorney, Muskogee, Okl. on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The defendant was previously tried and convicted upon an indictment charging illegal sales of narcotics in violation of 26 U.S.C.A. § 2554(a). On appeal the defendant contended that the defense of entrapment should have been submitted to the jury. This court held against the defendant upon the ground that no instruction on the law of entrapment had been requested. Ryles v. U. S., 10 Cir., 172 F.2d 72, 73. The Supreme Court of the United States, at the suggestion of the Solicitor General, reversed and remanded the case for a new trial. Ryles v. U. S., 336 U.S. 949, 69 S. Ct. 882, 93 L.Ed. 1104. On the second trial, the defendant admitted the transaction charged in the second count of the indictment and interposed a defense of entrapment. The jury found the defendant guilty on the second count and he was sentenced to serve a term of three years.

The defendant complains of the court's refusal to give certain offered instructions dealing with entrapment and the burden of proof, and he took exception to that portion of the instructions which advised the jury that the government agents had the right to use informers or decoys to make the purchases if they had reasonable grounds to believe that the defendant was engaged in the unlawful sale of narcotics.

It is not necessary to set forth the facts in detail. The defendant was an addict, had a criminal record for violation of the narcotic laws, was suspected by government agents and local police and had a reputation as a dealer in narcotics. The government used known addicts who made the purchases set forth in the indictment. They represented to the defendant that they were suffering from a lack of narcotics. As to the right of the government to obtain evidence in this manner, the rule was announced by this court on the former appeal to be: "a Government agent may use 'decoys' in apprehending law violators, and may offer an opportunity to one who is intending or willing to commit a crime. But, the law will not countenance decoys for the purpose of luring or inducing the innocent or law-abiding into the commission of crime." Sorrells v. U. S., 287 U.S. 435, 441, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249. In Heath v. U. S., 10 Cir., 169 F.2d 1007, 1010, it was said: "It is well recognized that officers may entrap one into the commission of an offense only when they have reasonable grounds to believe that he is engaged in unlawful activities. They may not initiate the intent and purpose of the violation. In a case of entrapment, it is incumbent on the government to prove reasonable grounds to believe that the intent and purpose to violate the law existed in the mind of the accused." Mitchell v. U. S., 10 Cir., 143 F.2d 953, 957.

When the defense of entrapment is interposed, the predisposition and criminal design of the defendant becomes relevant and the government may introduce evidence relating to the conduct and the predisposition of the defendant as it bears upon the issue of entrapment. The record and the reputation of the defendant become important upon this issue in rebuttal. Sorrells v. U. S., supra, 287 U.S. at page 451, 53 S.Ct. 210. The evidence here presented an issue of entrapment to be presented to a jury with proper instructions. Sorrells v. U. S., supra; Yep v. U. S., 10 Cir., 83 F.2d 41; Strader v. U. S., 10 Cir., 72 F.2d 589. The offered instructions were not given in the exact language as submitted but the requests were fully covered by the court. The jury was instructed: "that entrapment as that term is used in these instructions exists only when government agents induce and originate the criminal intent of the defendant, and there is no entrapment where criminal intent is already present and the government agents merely afford the opportunity for commission of the crime. If an officer of the law had reason to believe that a law is being violated, he may proceed to ascertain whether those who are thought to be doing so are actually violating the law. The officers of the government, however, must act in good faith and in the honest belief that the defendant is engaged in the unlawful business of which the offense charged in the indictment is a part, and the purpose of entrapment must be not to induce an innocent man to commit a crime but to secure evidence upon which a guilty man can be brought to justice. * * * You should therefore consider the evidence offered by both the defendant and the government with the view of determining whether or not the officers of the government were justified in using the informer Brown to induce the defendant to commit the acts charged in the indictment * * * and whether or not Brown merely afforded defendant an opportunity to commit a crime which he was ready and willing to commit or whether or not he lured the defendant by persuasion, continued insistence and representations to commit an offense in order that the government agents might arrest him and prosecute him therefor." The court further instructed the jury that: "the burden is upon the government to prove by competent evidence to the satisfaction of the jury beyond a reasonable doubt that it was not entrapment. You

are therefore instructed that if you find from the evidence and beyond a reasonable doubt that the defendant had a reputation for selling narcotics and that the officers of the government had reasonable grounds to believe he was engaged in selling narcotics and in good faith sought to obtain evidence of such violations, you should convict the defendant as to each count of the indictment if you further find beyond a reasonable doubt that he made the sales as charged." The court's instructions in substance state the law of entrapment and the burden of proof required of the prosecution.

It fully and fairly submitted to the jury the issue of whether the government agents had reasonable grounds to believe that the defendant was engaged in the sale of narcotics which would justify them in using the means which they did to secure the evidence.

Finding no error in the proceedings the judgment is affirmed.