**RYLES v. UNITED STATES.**

No. 4456.

United States Court of Appeals
Tenth Circuit.

July 8, 1952.

Albert T. Frantz, Denver, Colo., for appellant.

Paul Gotcher, Asst. U. S. Atty., Muskogee, Okl. (Edwin Langley, U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is a proceeding under Title 28 U.S.C.A. § 2255 to set aside the judgment and sentence entered by the trial court following a conviction of the petitioner herein. It is alleged that the judgment and sentence are void because the prosecution knowingly and intentionally used perjured testimony to obtain the conviction. After a full hearing the trial court found that the petitioner had not sustained the burden of proof of the allegations in the motion and overruled it.

The case is not new in this court. Defendant was first tried and convicted upon the charge of illicit sales of narcotics in violation of 26 U.S.C.A. § 2554(a), which conviction was affirmed. 172 F.2d 72. The Supreme Court of the United States set aside the judgment and sentence and remanded the case for new trial. 336 U.S. 949. Upon a second trial defendant was again convicted on the second count of the indictment and sentenced to serve a term of three years. This conviction was affirmed, 183 F.2d 944, certiorari denied 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 637. The defense upon the second trial was that of entrapment. We held on the second appeal, 183 F. at page 945, that "When the defense of entrapment is interposed, the predisposition and criminal design of the defendant becomes relevant and the government may introduce evidence relating to the conduct and the predisposition of the defendant as it bears upon the issue of entrapment. The record and the reputation of the defendant become important upon this issue in rebuttal." The prosecution, to justify its use of decoys and entrapment, used two narcotic agents, Hagstrom and Westover. They testified that Wilbert M. Brians and Fred Mills, narcotic drug addicts, had told them that the defendant, a known user of

narcotics, was selling and handling narcotic drugs. The trial court then submitted the issue of entrapment to the jury under proper instruction.

It is this latter testimony that the petitioner alleges to be perjured and known to be perjured by the agents when given. To sustain this allegation the petitioner produced Brians and Mills who testified that they had not made such statements to the agents. These two witnesses had been addicts over a long period of time and Mills, at the time of the hearing, was serving a sentence for a violation of the Narcotics Act in the same institution with Ryles. They testified that they frequently called at the office of the two agents and discussed the enforcement of the Act with the agents and often furnished them with information as informers. This is particularly true of Brians. Mills denied outright that he had ever discussed Ryles with either of the agents. The agents testified as they did at the trial to the effect that both Brians and Mills informed them of violations by the petitioner. Upon this direct conflict in the evidence the trial court determined that the testimony of the agents was not perjured.

We have often recognized the rule that the "conviction of an accused person in a United States court brought about through the knowing and intentional use of perjured testimony violates due process" and voids the judgment. Tilghman v. Hunter, 10 Cir., 167 F.2d 661, 662; Wild v. State of Oklahoma, 10 Cir., 187 F.2d 409; Story v. Burford, 10 Cir., 178 F.2d 911, certiorari denied 338 U.S. 951, 70 S.Ct. 482, 94 L.Ed. 587. The burden rests upon the petitioner to show affirmatively (1) that perjured testimony was used, (2) that it was knowingly, wilfully and intentionally used by the prosecuting officers. Tilghman v. Hunter, supra.

It having been found that the testimony was not perjured, consideration of other questions relating to perjured testimony is unnecessary.

Judgment is affirmed.