UNITED STATES of America,
Appellee,

v.

Joseph Henry MARTINEZ, Appellant.

No. 73-2239.

United States Court of Appeals,
Ninth Circuit.

Nov. 30, 1973.

Fred E. Salley, Frank C. Allen, Jr., New Orleans, La., for plaintiffs-appellants.

James E. Blazek, Joel L. Borrello, New Orleans, La., for Noble Drilling Corp.

Joel T. Chaisson, Luling, La., for Gerald W. Ray.

Stephen J. Hornyak, Dominick Savona, Jr., Gretna, La., for Pan Mar Services.

Before BELL, GODBOLD and GEE, Circuit Judges.

Kenneth Stahl, San Francisco, Cal., for appellant.

John Cooney, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before ELY and WRIGHT, Circuit Judges, and JAMESON,* District Judge.

## OPINION

PER CURIAM:

In a jury trial, Martinez was convicted on all charges of a five-count indictment. The first two counts alleged the distribution of heroin in violation of 21 U.S.C. § 841(a)(1). The third count charged the unlawful use of a communication system in facilitating the distribution of the drug in violation of 21 U. S.C. § 843(b). Count 4 charged possession of heroin with intent to distribute it in violation of 21 U.S.C. § 841(a)(1), and the fifth count alleged that Martinez had unlawfully conspired to distribute heroin in violation of 21 U.S.C. § 846. The district judge sentenced Martinez to a term of ten years imprisonment on each of the five counts, provid-

ing, however, that the sentences should be served concurrently. From the judgments of conviction, Martinez appeals.

The first two arguments that Martinez here presents are related. He first contends that he claimed entrapment as a defense and that the Government failed to establish the lack of entrapment because it did not prove that Martinez had previously been convicted of, or had previously committed, acts similar to those for which he was being tried. This argument is specious, inasmuch as one may be predisposed to commit his first crime as much as, if not more than, a chronic offender who, theoretically, should be more fearful of the consequences. Martinez' second argument is that the district judge's entrapment instruction was erroneous because it did not embrace the theory here advanced by Martinez in his first argument. As to this, we have above held that the first argument has no merit. Moreover, the defense interposed no objection to the court's instruction in respect to entrapment, and there is certainly nothing therein which could properly be held to constitute plain error.

Martinez' third contention is that he did not receive the effective assistance of trial counsel. This argument is based upon Martinez' assertion that his trial counsel failed to employ legal means of discovery so as to ascertain the name and address of the person claimed to have entrapped Martinez and failed to ascertain whether that person could present testimony favorable to the entrapment defense. The short answer to this contention is that the record before us does not support it. There is nothing in the record to establish that defense counsel was unaware of the identity of the person claimed to have entrapped Martinez. Moreover, the present record does not show, and could not show, that even if defense counsel did know the identity, he did not decide, as a matter of strategy, that the person

---

* Honorable William J. Jameson, Senior United States District Judge, Billings, Montana, sitting by designation.

should not be subpoenaed and offered as a defense witness.

 Finally, Martinez complains of the court's failure to give a certain jury instruction concerning the "use of a communication facility." Inasmuch as this argument is directed only to Martinez' conviction on the third count, and since the court ordered that the sentences on all counts be served concurrently, we choose, in the exercise of our discretion, not to discuss the contention. United States v. Moore, 452 F.2d 576 (9th Cir. 1971).

Affirmed.