UNITED STATES of America,
Plaintiff-Appellee,

v.

Harry Andrew SWETS and Gary Christopher Weeks, Defendants-Appellants.

Nos. 76–1761, 76–1762.

United States Court of Appeals,
Tenth Circuit.

Submitted July 26, 1977.

Decided Oct. 7, 1977.

Cathlin Donnell, U. S. Atty., (Interim) by Edward W. Nottingham, Asst. U. S. Atty., Denver, Colo., for plaintiff-appellee.

Wilbur F. Denious, Jr., Denver, Colo., for defendants-appellants.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Swets and Weeks were convicted by a jury of knowingly and intentionally distributing cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The defense offered at trial by both defendants was entrapment. Motions to direct a verdict of acquittal on the ground that the evidence established entrapment as a matter of law were denied, the district court being of the

view that the entrapment issue was an issue of fact properly to be resolved by the jury. The district court gave the jury the standard instruction on entrapment, to which there was no specific objection made by counsel for either defendant. And no additional or alternative instruction on entrapment was tendered by either defendant.

On appeal the defendants contend that the district court committed error in denying their motion for a directed verdict, and alternatively, that the jury was not fully instructed on the issue of entrapment. We do not agree with either contention and therefore affirm.

An undercover drug agent was introduced to the two defendants by one John Simon, who had himself earlier sold drugs to the undercover agent and who was himself later charged with drug violations. The drug agent indicated a desire to purchase large quantities of cocaine in the Aspen, Colorado area, and to give credence to his desire he displayed to Simon a large roll of bills totaling about $70,000. Simon, in turn, exhibited the money to Swets and Weeks. In response to the agent's offer to buy, Swets and Weeks stated that they would attempt to find some cocaine. They later did, and it was the ensuing sale to the undercover agent which formed the basis for the present prosecution.

The defendants both testified, and each admitted the distribution. Each also testified, in effect, that neither had any prior intent or disposition to sell cocaine to the undercover agent, and that they were induced to search out, and then sell, cocaine to the agent by the display of "big" money. As Weeks characterized it, he "got greedy."

■ Entrapment is a valid defense to a criminal charge. A person otherwise innocent may not be punished for an alleged offense which is in reality the product of the "creative activity" of Government officials. At the same time it is equally well settled that the fact that a Government agent affords an opportunity for the commission of an offense and otherwise engages in artifice and stratagem does not constitute entrapment. When a person is shown to be "ready and willing" to violate the law, the fact that an opportunity to do so is provided by undercover agents is not entrapment. *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1975); *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Sherman v. United States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); and *Sorrells v. United States,* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). *See also United States v. Gurule,* 522 F.2d 20 (10th Cir.), *cert. denied,* 425 U.S. 975, 96 S.Ct. 2177, 48 L.Ed.2d 800 (1975).

Application of the foregoing principles leads us to conclude that the district court in the instant case did not err in denying defendants' motions for a directed verdict and in submitting to the jury the issue of entrapment. Such was an issue of fact, and not one of law. The instructions given the jury concerning entrapment were not objected to by counsel as required by Fed.R. Crim.P. 30. And the instructions in our view adequately advised the jury on the subject. By its verdict the jury held, in effect, that the Government had negatived the entrapment defense and there is evidence to support such resolution. On appeal we should in such circumstance not disturb the jury's determination of the matter.

■ In the instant case the defendants themselves testified that it was the flashing of "big money" which induced them into procuring the cocaine which they then sold the agent. However, the "lure of easy income," standing alone, does not establish entrapment, it is only an inducement. *Masciale v. United States,* 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958). Indeed the Ninth Circuit in *United States v. Esquer-Gamez,* 550 F.2d 1231 (9th Cir. 1977) held that the defense of entrapment is unavailable to a defendant who, motivated by greed, readily accepts a propitious opportunity to break the law. Under the circumstances the district court did not err in refusing to

find entrapment as a matter of law. At most, it was a jury question.

■ Permeating appellants' brief is counsel's repeated assertion that in order to negative the defense of entrapment, the Government had the burden of showing that *prior* to their initial meeting with the undercover agent the defendants had an intent and purpose to violate the narcotic laws. In fact present counsel, who did not represent the defendants in the trial court, goes so far as to state that before it can be said that the Government has negatived the defense of entrapment, the Government must show that prior to the date of the alleged offense the defendants had actually trafficked in drugs or had the reputation for such. The record does not show any such prior activity by either defendant, and hence, according to counsel, the district court should have directed a verdict of acquittal. We do not agree.

In asserting that the lack of any evidence showing that either defendant had any intent or purpose to violate the narcotic laws *prior* to their initial meeting with the undercover agent, counsel relies on language appearing in *Ryles v. United States,* 183 F.2d 944 (10th Cir.), *cert. denied,* 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 637 (1950) and *Heath v. United States,* 169 F.2d 1007 (10th Cir. 1948). It is true that in those cases appears such language as "it is well recognized that officers may entrap one into the commission of an offense *only* when they have reasonable grounds to believe that he is engaged in unlawful activities." (Emphasis added.) It can be argued that the language to such effect appearing in *Ryles* and *Heath* is dictum. Be that as it may, to the extent that our present opinion is inconsistent with *Ryles* and *Heath,* the latter are hereby overruled.* We now hold that where the defense of entrapment is injected into a case, the Government is not required to show that *prior* to the time the Government's agent met the defendant the Government had "reasonable grounds" to believe that the defendant was engaged in "unlawful activities."

In support of our present holding *see,* by way of example, *United States v. Martinez,* 488 F.2d 1088 (9th Cir. 1973). In *Martinez* the Ninth Circuit held that the prosecution in a drug case could establish a lack of entrapment without proof that the defendant had been previously convicted of, or had previously committed, acts similar to those for which he was being tried. In thus holding, the Ninth Circuit commented that "one may be predisposed to commit his first crime as much as, if not more than, a chronic offender who, theoretically, should be more fearful of the consequences." To the same effect, *see United States v. Jenkins,* 480 F.2d 1198 (5th Cir.), *cert. denied,* 414 U.S. 913, 94 S.Ct. 256, 38 L.Ed.2d 151 (1973); *United States v. Rodriguez,* 433 F.2d 760 (1st Cir. 1970), *cert. denied,* 401 U.S. 943, 91 S.Ct. 950, 28 L.Ed.2d 224 (1971); and *United States v. DeVore,* 423 F.2d 1069 (4th Cir. 1970), *cert. denied,* 402 U.S. 950, 91 S.Ct. 1604, 29 L.Ed.2d 119 (1971). In *Rodriguez,* the First Circuit Court of Appeals commented as follows:

It is true that the government did not produce evidence of appellant's prior connection with the narcotics trade. Although such evidence is admissible to rebut a proferred defense of entrapment, it is not the only means available to the government to meet its burden. *A jury can find predisposition beyond a reasonable doubt by looking to the totality of circumstances involved in the particular transactions in question.* Otherwise, a first offender, disposed to commit the crime for which he is charged, would find sanctuary in the entrapment defense merely because the government would be unable to prove prior nonexistent activities. The entrapment defense does not require such a result. The court's denial of the appellant's motion for acquittal was proper. (Emphasis added.)

Judgments affirmed.

---

* The overruling of *Ryles* and *Heath* has been considered and ruled on by the Court sitting en banc. All other issues in this appeal have been considered and ruled on by the panel only.