**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Melvin JOHNSON, Defendant-Appellant.**

**No. 78–1918.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 7, 1978.

Decided Jan. 8, 1979.

Rehearing and Rehearing En Banc Granted March 27, 1979.

M. Daniel Friedland, Indianapolis, Ind., for defendant-appellant.

Charles W. Blau, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before SWYGERT, LAY[1] and WOOD, Circuit Judges.

PER CURIAM.

■ This case involves the correct wording of jury instructions on the defense of

tion made by the official with a conflict of interest.

1. The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

entrapment. Defendant Melvin Johnson appeals his conviction by a jury of conspiracy both to possess cocaine with intent to distribute it and to use a communications facility (a telephone) to facilitate that possession and distribution, in violation of 21 U.S.C. §§ 841(a)(1) and 843(b). He also appeals his conviction of the substantive offense of using a communications facility to facilitate the possession and distribution of cocaine, which is proscribed by 21 U.S.C. § 843(b). Johnson challenges the propriety of a jury instruction on entrapment which fails specifically to place the burden of proof on the entrapment issue squarely on the Government.[2] We agree that the instruction was deficient and reverse the judgment against Johnson.

On the issue of entrapment, the district judge gave the following instruction to the jury:

> Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers or their agents to commit a crime, he is a victim of entrapment, and the law as a matter of policy forbids his conviction in such a case.

> On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that government agents provide what appears to be a favorable opportunity is not entrapment. For example, when the government reasonably suspects that a person is engaged in the illicit sale of narcotics, it is not entrapment for a government agent to pretend to be someone else and to offer, either directly or through an informer or other decoy, to purchase narcotics from the suspected person.

> If, then, the jury should find beyond a reasonable doubt from the evidence in the case that, before anything at all occurred respecting the alleged offense involved in this case, the defendant was ready and willing to commit crimes such as are charged in the Indictment whenever op-

portunity was afforded, and that government officers or their agents did no more than offer the opportunity, then the jury should find that the defendant is not a victim of entrapment.

> On the other hand, if the evidence in the case should leave you with a reasonable doubt whether the defendant had the previous intent or purpose to commit an offense of the character charged, apart from the inducement or persuasion of some officer or agent of the government, then it is your duty to find him not guilty.

Johnson made a proper objection to the issuance of this instruction, basing his challenge on the fact that it failed to state specifically that the Government bore the burden of proof beyond a reasonable doubt that the defendant was not entrapped. He also tendered his own instruction which did specifically allocate this burden.

■ The Government contends that because other instructions placed the general burden of proof beyond a reasonable doubt on the Government, the entrapment instruction given was adequate. It cites a variety of cases, including *United States v. Patrick*, 542 F.2d 381 (7th Cir. 1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977), for the proposition that the propriety of a given instruction is to be determined from all the instructions viewed as a whole. Although this may be true as a general proposition, this court has long recognized that entrapment instructions are exceptions to the general rule in this regard:

> The government in the main attempts to justify the instructions on the basis that they must be considered in their entirety, that the jury was told that the government had the burden of proving defendant guilty beyond a reasonable doubt and, further, that in any event no prejudicial error was shown. This is a stock argument and in some cases will suffice. In this case, however, where the record presents a close question on the

---

**2.** Johnson also raises other issues on appeal, about which we need not comment in light of

our disposition of the challenge to the entrapment instruction.

issue of entrapment, we think the jury should have been instructed that the burden was upon the government to satisfy the jury beyond a reasonable doubt that the defendant was not entrapped into committing the acts alleged which absent entrapment, constituted the offenses. See *O'Brien v. United States*, 7 Cir., 51 F.2d 674, 677; *Ryles v. United States*, 10 Cir., 183 F.2d 944, 945. We further are of the view that failure to so instruct the jury was prejudicial.

*United States v. Landry*, 257 F.2d 425, 430 (7th Cir. 1958).

Any possible doubt remaining after *Landry* that a particularized allocation of the burden of proof is necessary within an entrapment instruction should have been laid to rest by our opinion in *United States v. Gardner*, 516 F.2d 334 (7th Cir.), *cert. denied*, 423 U.S. 861, 96 S.Ct. 118, 46 L.Ed.2d 89 (1975). In that case, the defendant charged that certain language in the instruction regarding a failure to "establish" the defense of entrapment rendered ambiguous the burden of proof on the issue. We noted that "the trial court's charge here stated that the burden is *on the Government* to prove beyond a reasonable doubt that the defendant was not entrapped." *Id.* at 348 (emphasis in original). We said that, "in view of this explicit statement," the jury was not misled and the burden of proof was properly placed. *Id.*

We also took the trouble to set out in the margin an entrapment instruction to guide district courts in the future. *Id.* at 347–48 n. 11. The court in the instant case essentially followed that instruction, but failed to observe the directive contained in that note's final paragraph:

> The instruction should also make clear that the burden is on the Government to prove beyond a reasonable doubt that the defendant was not entrapped.

*Id.*

Having reiterated this simple directive, we need say nothing further. The judgment against Johnson is reversed, and the case is remanded to the district court for proceedings consistent with this opinion.

HARLINGTON WOOD, Jr., Circuit Judge, concurring.

Were it not for the entrapment instruction exception which this court has long recognized, I would affirm.

The entrapment instruction which was given was not as explicit as it might have been in placing on the government the burden of proving that the defendant was not entrapped. On the other hand, there was no suggestion in the instruction that entrapment was an affirmative defense which the defendant had the burden of proving before he was entitled to acquittal.

Throughout the instructions the jury was continually reminded where the burden of proof lay on all the issues. It was plainly stated:

> The entire burden of proof is upon the government from the beginning to the end of trial, and this burden of proof never shifts from the government to the defendant, and the defendant is not bound to prove his innocence, offer any excuse, or explain anything. . . .

If any juror in the case, considering the instructions as a whole as the jury was instructed to do, had any belief that the burden rested on the defendant to prove his innocence by reason of entrapment, I would have serious doubts about the qualifications of that person to serve on the jury.

I believe it is time to reexamine our rule which seems to me has now become crystalized to an extent not contemplated by *Landry*. In that case the court noted that the evidence constituted a "close question on the issue of entrapment." I do not view the evidence in the present case as close. There is no need for an inflexible entrapment instruction rule which requires us to ignore the realities in a particular case.