THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES DENNIS, Defendant-Appellant.

Second District   No. 79-632

Opinion filed March 18, 1981.

Mary Robinson and Donna Palm, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Charles Dennis, appeals his conviction of the offense of delivery of a substance represented to be a controlled substance. Ill. Rev. Stat. 1979, ch. 56½, par. 1404.

At trial, the State presented John M. Burns, special agent with the Illinois Department of Law Enforcement Division of Criminal Investigation (hereinafter I.D.O.L.E.), who testified regarding phone calls and a meeting with the defendant for an alleged drug sale. He also testified regarding a scuffle that ensued as Burns and other members of his team arrested the defendant after a field test indicated that the substance the

defendant provided to Burns and for which he received $3,000 in marked bills from Burns was not, in fact, cocaine as defendant had represented it to be.

On cross-examination, Burns testified that he had given his undercover phone number to a convicted felon named Dirk Streibel, who lived at the same residence as the defendant and who had been an informant for I.D.O.L.E. about 1½ years prior to the events in question. Streibel accompanied the defendant to the meeting with Burns and conversed with Burns by phone while en route. Burns denied paying Streibel for these activities. On redirect, he testified that Streibel had primarily provided information regarding burglary suspects, although he admitted that on two prior occasions Streibel provided information concerning drugs and that he had closed the file on Streibel as a confidential informant about 1½ years prior to the events here.

Another agent testified regarding the events at the meeting, corroborating Burns' testimony and adding the information that the defendant had come into the restaurant and made a phone call before returning to Burns' truck and then signaling his companions to leave. The State's remaining evidence in the case in chief consisted of stipulations regarding the fact that the substance was not controlled and chain of custody. At the close of the State's case, the defense moved for directed acquittal or dismissal on the State's failure to prove that the events occurred in Kane County; the motion was denied.

Dirk Streibel, whose status as a government agent was alleged by the defense and denied by the State, testified for the defense. Streibel admitted that he gave the defendant Burns' undercover phone number, that he initiated the subject of a cocaine sale with the defendant with Burns in mind as a buyer and said that Burns contacted him about setting up a sale, though not necessarily with the defendant as seller, in mid-May. On cross-examination, he said he had initiated contact with Burns around May 15.

The defendant then testified that Streibel approached him on May 17 and May 18 (which he testified was a Friday and a Saturday) regarding whether the defendant knew a source for cocaine, and the defendant answered in the negative. On May 20 (a Sunday) the defendant said he would contact somebody for Streibel's friend who, Streibel told defendant, had $4,000 to $6,000 to buy cocaine, and he did contact a source named Frank Dunn. He then said Streibel gave him a phone number, which he gave to Dunn. Then, he said Dunn set up the meeting in a phone conversation with Burns at the phone number given to him by Streibel. Streibel accompanied the defendant, after he had asked Streibel to show him the way to Elgin. He claimed he had no plans to sell drugs to anyone

prior to Streibel's contacts on Friday, Saturday and Sunday and said he made the delivery because he was promised $1,000.

There were closing arguments in which both sides discussed the entrapment defense. An entrapment instruction was given to the jury. On September 11, 1979, the jury found the defendant not guilty of resisting a police officer and guilty of unlawful delivery of a substance represented to be a controlled substance.

On October 31 the court denied the defendant's motion for a new trial and, in the alternative, for a judgment of acquittal notwithstanding the verdict. Evidence in mitigation, basically completion of high school while in prison and a C.E.T.A. job, was presented by the defense, and the State offered evidence of the defendant's prior felony record including several robberies, escape and attempted murder. The defendant was sentenced to three years' imprisonment. Notice of appeal was filed on October 31, 1979.

The defendant presents on appeal the alleged error that the State failed to rebut sufficiently the affirmative defense of entrapment raised by the defendant at trial. The defense of entrapment is defined by statute in Illinois as follows:

"A person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person. However, this section is inapplicable if a public officer or employee, or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of a criminal purpose which such person has originated." (Ill. Rev. Stat. 1977, ch. 38, par. 7—12.)

The defense maintains that a government agent induced the defendant to commit the offense that he was otherwise not predisposed to commit.

■■ Once the defendant presents some evidence of entrapment, the burden shifts to the State to prove that the defendant was not entrapped, in addition to its burden of proving each statutory element constituting the offense, beyond a reasonable doubt. (*People v. Dollen* (1972), 53 Ill. 2d 280, 284; *People v. Cross* (1978), 63 Ill. App. 3d 628, *rev'd on other grounds* (1979), 77 Ill. 2d 396; *People v. Andreano* (1978), 64 Ill. App. 3d 551, 556; Ill. Rev. Stat. 1977, ch. 38, par. 3—2(b).) The defendant adduced evidence of government inducement by cross-examining the State's principal witness, by calling the alleged "agent" as a witness and by the defendant's own testimony.

■■ Cross-examination of agent Burns of I.D.O.L.E. elicited the following information concerning his relationship with the alleged informer Dirk Streibel: (1) that Streibel and Burns had worked together on undercover

activities previously; (2) that Streibel had given Charles Dennis the undercover telephone number to reach agent Burns; (3) that Streibel had accompanied Charles Dennis to execute the transaction giving rise to prosecution; (4) that Streibel had also rendered assistance to Dennis on the way to meet Burns by helping to get a "conked out" car started again; (5) that Streibel had also communicated with Burns by telephone after the car had been started once more to inform the latter that Charles Dennis would make it out to Elgin; (6) that Streibel had not been charged as an accessory in the delivery of a substance represented to be controlled. Streibel denied being an agent for the government but did admit that he initiated the subject of a drug sale with the defendant and had Burns in mind as the buyer, and he said he gave the defendant the undercover telephone number and accompanied the defendant to the meeting with Burns. The defendant testified that he agreed to supply Streibel with cocaine after Streibel repeatedly asked him, but he said he did not use drugs himself and insisted that he had no intention of selling drugs to anyone before Streibel induced him to do so.

The State, at trial and on appeal, denied that Streibel induced the defendant to commit the crime and that, even if he had, Streibel was not an agent. His work as an informer terminated about 1½ years before the events in question, and he testified on cross-examination, contrary to his testimony on direct examination, that he, not Burns, initiated the idea of a drug sale to Burns. The State insists the question of Streibel's agency, as part of the entrapment issue, was a question of fact properly presented to the jury.

■■■ Even if Streibel were an agent, the State insists that his actions did not induce the defendant to commit the offense but merely provided him with an opportunity to do that which he was already predisposed to do, and, therefore, the defendant was not entrapped. (Ill. Rev. Stat. 1977, ch. 38, par. 7—12; *Sorrells v. United States* (1932), 287 U.S. 435, 441, 451, 77 L. Ed. 413, 422, 53 S. Ct. 210, 216; *Sherman v. United States* (1958), 356 U.S. 369, 372, 2 L. Ed. 2d 848, 851, 78 S. Ct. 819, 821.) Entrapment does not exist merely because a government agent initiates a relationship with a defendant that leads to a transaction in a substance represented to be controlled. The conduct of the informer alone is not determinative (*People v. Andreano* (1978), 64 Ill. App. 3d 551, 557); "* * * an appropriate and searching inquiry into [the defendant's] own conduct and predisposition" is in order where the defendant raises entrapment as a defense. *Sorrells v. United States* (1932), 287 U.S. 435, 451, 77 L. Ed. 413, 422, 53 S. Ct. 210, 216.

■■■ Such an inquiry took place in the instant case. While the defense maintains that the State failed to present any testimony to meet its burden of proving the defendant's predisposition to commit the offense beyond a

reasonable doubt, the record shows that there was such evidence adduced at trial. The defense states that the evidence showed that none of the agents had prior contact with the defendant; however, prior knowledge of the defendant and his activities is not necessary. (*People v. Wells* (1962), 25 Ill. 2d 146; *People v. Cross* (1978), 63 Ill. App. 3d 628, *rev'd on other grounds* (1979), 77 Ill. 2d 396.) The defense maintains that the evidence did not show that the defendant had demonstrated familiarity with the drug milieu; however, the defendant indicated his familiarity by his ready access to a source (*People v. McSmith* (1961), 23 Ill. 2d 87; *People v. Wells* (1962), 25 Ill. 2d 146) even though he was initially hesitant, which is understandable where one is ostensibly a dealer in drugs. (*People v. McSmith* (1961), 23 Ill. 2d 87; *People v. Washington* (1967), 81 Ill. App. 2d 162, 171). Finally, the defense says the evidence showed that the defendant did not use drugs himself; however, lack of evidence of previous narcotic involvement is a relevant consideration but it is not controlling (*Washington*, at 171).

■■ In a recent case, the Illinois Supreme Court found the following evidence of predisposition sufficient to uphold the jury's verdict of conviction for selling a substance represented to be cocaine: (1) the defendant had the idea to contact the supplier; (2) the defendant did telephone the supplier and (3) the defendant appeared to be familiar with drugs and was willing to accommodate the buyer. (*People v. Tipton* (1980), 78 Ill. 2d 477, 488.) In the instant case, the defendant did call Burns and was willing to accommodate Burns by arranging to drive from the south side of Chicago to Elgin to make the delivery and called again after the first unsuccessful attempt at meeting to reassure him that he was coming, he had the idea to contact a source known to him as a drug supplier and did telephone him, he importuned Streibel to accompany him to Elgin and he called the supplier from the restaurant at the meeting place to determine whether Burns could examine the drugs before closing the deal.

■■ After the initial contacts between Streibel and the defendant, the defendant took the active lead in setting up the transaction and persisted in carrying it through despite his lack of familiarity with the Elgin area and the distance involved and the car trouble encountered en route. Propensity to commit the offense can be shown by a ready response to the alleged inducement and the defendant's initiation of the final transaction. (*United States v. Spain* (7th Cir. 1976), 536 F.2d 170, 173, *cert. denied* (1976), 429 U.S. 833, 50 L. Ed. 2d 97, 97 S. Ct. 96.) In this case the defendant agreed to supply the drugs after intermittent contacts by Streibel over only three days, and the defendant did phone Burns to initiate the final transaction. The fact that the defendant did not actually put the agent in contact with the source of the actual drugs does not

negate a predisposition to commit the offense charged, that is the delivery of a substance purported to be controlled, especially where, as here, the record reveals that the defendant was aware that he was not delivering a controlled substance but rather was delivering sugar and representing it to be a controlled substance. There was also evidence from the defendant's own testimony from which an inference could be drawn that the defendant was induced to commit the offense by a promise of $1,000 as his share of the proceeds rather than by any importunings by Streibel. See *People v. Gonzales* (1970), 125 Ill. App. 2d 225, 232.

In summary, jury questions existed both as to whether Streibel was an "agent" as that term is used in the statute (see Ill. Rev. Stat. 1977, ch. 38, par. 7—12) and whether there was evidence of the defendant's predisposition to commit the offense. Under the facts of this case, the issue of entrapment was one of credibility of witnesses and was properly submitted to the jury, and we cannot say that the State has not proven beyond a reasonable doubt that the defendant was not entrapped.

■■ The defendant also raises the issue of whether he was denied a fair trial because of improper comment on a number of subjects mainly during closing argument by the prosecution. The defendant did not object to the prosecutor's comments or argument at trial nor did he raise this issue in his post-trial motion as required by section 116—1(c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1979, ch. 38, par. 116—1(c)), thereby depriving the trial court of the opportunity to pass on the issue in the first instance. Having failed to do so he has waived this issue and cannot raise it on appeal. *People v. Lenninger* (1980), 88 Ill. App. 3d 801, 804; *People v. Edwards* (1973), 55 Ill. 2d 25, 35.

Furthermore, from our examination of the content and type of language objected to by the defendant, it does not appear to be prejudicial nor likely to arouse the passion of the jury so that it cannot be said to have deprived the defendant of a fair trial and does not constitute plain error. *People v. Edwards* (1973), 55 Ill. 2d 25, 35; *People v. Young* (1975), 33 Ill. App. 3d 443, 447.

For the foregoing reasons, the judgment and sentence of the Sixteenth Judicial Circuit, Kane County, is affirmed.

Affirmed.

LINDBERG and UNVERZAGT, JJ., concur.