The STATE of Oklahoma, Appellant,

v.

Paula BOOZE, Appellee.

No. S–84–102.

Court of Criminal Appeals of Oklahoma.

July 9, 1984.

Bill Roberson, Dist. Atty., David Welch, Asst. Dist. Atty., Chandler, for appellant.

No appearance by appellee.

MEMORANDUM OPINION

BUSSEY, Presiding Judge:

This is an appeal on a reserved question of law from an instruction directing a ver-

dict in the District Court of Lincoln County. The instruction assigned as error stated:

> Ladies and gentlemen of the jury:
>
> The Court has found as a matter of law that the undisputed testimony of the State of Oklahoma reveals that the officer engaged in the activity leading to the apprehension and arrest of this defendant, had no belief that this defendant had been engaging in the illegal activity which constitutes the crime alleged, and that therefore, under the law, that the use of a decoy to induce her to sell beer to the minor constituted entrapment. You are therefore directed to return a verdict of not guilty. You may now retire to the jury room.

This instruction was given after evidence presented by the State established that the sixteen-year-old son of a Lincoln County deputy sheriff had purchased beer from Paula Booze without her having ascertained his age. Ms. Booze initially requested identification, but when the minor failed to produce it and volunteered to get an insurance card from his truck, she dropped the matter and did not ask his age.

■ The State contends that it was error for the court to give the above set forth instruction directing the verdict of acquittal. We agree. When entrapment is asserted as a defense, the State is not required to establish that the officer, engaged in the activity leading to the defendant's arrest, held a belief that the defendant had been engaging in the illegal activity which constituted the crime alleged.

In making its decision to instruct the jury for acquittal, the trial court cited *Ryles v. United States*, 183 F.2d 944 (10th Cir.1950).[1] The trial court's reliance on *Ryles v. United States*, supra, was misplaced since *Ryles* was overruled in *United*

States v. Swets, 563 F.2d 989 (10th Cir. 1977),[2] wherein the Court stated:

> [T]o the extent that our present opinion is inconsistent with *Ryles* and *Heath*, the latter are hereby overruled. We now hold that where the defense of entrapment is injected into a case, the Government is not required to show that *prior* to the time the Government's agent met the defendant the Government had "reasonable grounds" to believe that the defendant was engaged in "unlawful activities." [Footnote omitted].

This view expressed in *United States v. Swets*, supra, is consistent with the holding of the Third Circuit in *United States v. Silver*, 457 F.2d 1217 (3rd Cir.1972) wherein that court stated:

> [I]t is *inconsequential* whether law enforcement officials, did or did not act on *well grounded suspicion* that the defendant was engaging in wrongdoing, or whether they had *probable cause* for approaching the defendant. [Emphasis original].

It is further consistent with the view expressed in *Hardin v. State*, 265 Ind. 635, 358 N.E.2d 134 (1976) that to require the State to establish "probable cause to suspect" when entrapment has been properly raised would prove difficult in application, a burden on enforcement officials, and would unduly limit police ability to discover crime. Accordingly, we join those jurisdictions which reject such requirements. See e.g., *United States v. Jannotti*, 673 F.2d 578 (3rd Cir.1982); *United States v. Myers*, 635 F.2d 932 (2nd Cir.1980); cert. den., 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221; *Whiting v. United States*, 321 F.2d 72 (1st Cir.1962); cert. denied 375 U.S. 884, 84 S.Ct. 158, 11 L.Ed.2d 114; *Harrison v. Baylor*, 548 F.Supp. 1037 (D.Del.1982); *People v. Dennis*, 94 Ill.App.3d 448, 49 Ill.Dec. 625, 418 N.E.2d 479 (1981).

---

1. The trial court expressed specific reliance on the publisher's second headnote in *Ryles* which stated:

   > Officers may entrap one into commission of an offense only when they have reasonable ground to believe that he is engaged in unlawful activities and officers may not initiate intent and purpose of violation and in case of

   entrapment, it is incumbent on government to prove reasonable grounds to believe that intent and purpose to violate law existed in mind of accused.

2. See also, *United States v. Szycher*, 585 F.2d 443 (10th Cir.1978) (Footnote No. 6).

■ The State in a second assignment of error asserts that the activities of the law enforcement officers did not constitute unlawful entrapment. Inasmuch as the trial court gave only the instruction heretofore cited, the issue of whether there was sufficient evidence to give a proper instruction on entrapment is not a matter which has been reserved for our review. 22 O.S.1981, § 1053. See also, *State v. Moyers*, 86 Okl. 101, 189 P.2d 952 (1948).

We find the trial court's instruction to be in ERROR.

PARKS, J., specially concurs.

BRETT, J., concurs.

PARKS, Judge, specially concurring:

I agree that the instruction appealed from was erroneous, but I reiterate and emphasize, even though not covered by this opinion, "the applicable principal is that courts must be closed to the trial of a crime instigated by the government's own agents," *Sorrells v. United States*, 287 U.S. 435, 455, 53 S.Ct. 210, 217, 77 L.Ed. 413, 86 A.L.R. 249.